IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK MAYER,<br>　　　　Petitioner,<br><br>　　　v.<br><br>JAY LANE, et al.,<br>　　　　Respondents. | Civil Action No. 17-586 |

MEMORANDUM

Jack Mayer, an inmate now incarcerated at the State Correctional Institution at Fayette, Pennsylvania, has filed a counseled petition for a writ of habeas corpus. According to the petition, Mayer was convicted on charges of dealing in proceeds of unlawful activities, theft by deception, receiving stolen property, criminal use of communication facility, conspiracy, corrupt organizations, and criminal conspiracy No. 1427 CR 2014 in the Court of Common Pleas of Chester County, Pennsylvania and sentenced to a 15 to 30 year period of incarceration. This sentence was imposed on November 21, 2014.

On May 9, 2017, a Memorandum Opinion and Order was entered, directing Mayer to show cause on or before May 23, 2017 why this case should not be transferred to the United States District Court for the Eastern District of Pennsylvania (ECF No. 2). On May 18, 2017, Petitioner filed a response to the order to show cause (ECF No. 6).

It is provided in 28 U.S.C. § 2241(d) that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a state which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed

in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

While the petitioner is in custody in the Western District of Pennsylvania, the trial court which sentenced him is located in Chester County, which is located in the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). The practice of the district courts within Pennsylvania is to transfer habeas corpus petitions to the district where the conviction occurred. As another district court recently summarized:

> Indeed, the United States District Courts for Pennsylvania's three federal judicial districts have customarily transferred petitions of this type to the district of conviction for substantive habeas proceedings. Helfrich v. Coleman, No. 10-958, 2010 WL 1337728 (E.D. Pa. April 6, 2010); McKeever v. McGrady, No. 08-2905, 2008 WL 5101729 (E.D. Pa. Nov. 26, 2008); Fletcher v. Rozum, No. 08-716, 2008 WL 2609826 (W.D. Pa. June 26, 2008); Reinhold v. Rozum, No. 4:CV-07-1997, 2007 WL 4248273 (M.D. Pa. Nov. 30, 2007). This course of action, in turn, is consistent with the guidance of the United States Court of Appeals for the Third Circuit which has "note[d] that it is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses." In re Nwanze, 242 F.3d 521, 526 n. 2 (3d Cir. 2001). Thus, this practice is permitted by statute, is commonplace, is endorsed by the court of appeals, achieves a desirable uniformity of approach among the three districts in the matter of exercising jurisdiction in these cases, and serves the interests of the litigants in those cases where hearings are required.

Scott v. Del Basio, 2015 WL 3742355, at *2 (M.D. Pa. June 15, 2015) (citations omitted).

In his response, Petitioner states that "the scant caselaw on this matter seems to place the decision to transfer in the discretion of the district court." (ECF No. 6 at 1.) However, he argues that the "furtherance of justice" prong is satisfied only based upon the location of the witnesses but that this case involves a challenge to the sufficiency of the evidence and no evidentiary hearing will likely take place. Nevertheless, it cannot be said that such a hearing will not take place. Moreover, Petitioner has not addressed the factors cited above and provides no compelling reason why they should not apply in this case. An appropriate Order will be entered.

ORDER

AND NOW, this 23rd day of May, 2017, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that this case is transferred forthwith to the United States District Court for the Eastern District of Pennsylvania for further proceedings.

s/Robert C. Mitchell<br>
United States Magistrate Judge